UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

RUDOLPH BETANCOURT,
    Plaintiff,
vs.

CIRCLE K STORES INC. d/b/a
CIRCLE K,
    Defendant.

# COMPLAINT

Plaintiff, RUDOLPH BETANCOURT (hereinafter "Plaintiff"), by his undersigned, hereby files this Complaint and sues Defendant, CIRCLE K STORES INC. d/b/a CIRCLE K (hereinafter "Defendant"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, (hereinafter the "A.D.A"), the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG"), and the Florida Building Code.

## JURISDICTION & VENUE

**1.** This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. *et seq.*, based upon Defendant' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.** The subject property is a store located on or about 4420 W. New Haven Ave. Melbourne, FL 32904 (hereinafter "Subject Premises").

3. All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises are located in the Middle District.

## PARTIES

4. Plaintiff, RUDOLPH BETANCOURT, is currently a resident of Fenwick, Michigan in the County of Montcalm, is *sui juris*, and is a qualified individual under the ADA and the FACBC.

5. Plaintiff is a double leg amputee who uses prosthetic devices or a wheelchair to ambulate, a Marine Corps veteran with several friends, family, and colleagues throughout Florida who he frequently visits. Additionally, Plaintiff enjoys the Florida weather and the multiple sporting events, festivals, and events that occur throughout Florida. Plaintiff's travel includes frequent visits to Florida (several times a year). In further detail, Plaintiff visited the following areas in Florida during the following dates/times:

   a. Coral Springs, FL on or about March 26, 2021,
   b. Pompano Beach, FL on or about March 28, 2021,
   c. West Palm Beach, FL on or about June 30, 2021,
   d. Miami Beach, FL on or about July 15, 2021,
   e. Jacksonville, FL on or about September 14, 2021,
   f. Weston, FL on or about September 16, 2021,
   g. Deerfield Beach, FL on or about September 17, 2021,
   h. Weston, FL on or about October 10, 2021,
   i. Sunrise, FL on or about October 11, 2021,
   j. Orlando, FL on or about March 5, 2022,
   k. Titusville, FL on or about July 9, 2022,
   l. Orlando, FL on or about July 21, 2022,

    m. Pompano Beach, FL on or about July 22, 2022,
    n. Boca Raton, FL on or about July 23, 2022,
    o. Stuart, FL on or about July 25, 2022,
    p. Boca Raton, FL on or about September 1, 2022,
    q. Margate, FL on or about January 5, 2023
    r. Ft. Lauderdale, FL on or about January 6, 2023,
    s. Pembroke Pines, FL on or about January 6, 2023,
    t. Coral Springs, FL on or about January 7, 2023,
    u. Plantation, FL on or about January 7, 2023,
    v. Weston, FL on or about January 8, 2023,
    w. Pompano Beach, FL on or about June 14, 2023,
    x. Ft. Lauderdale, FL on or about July 12, 2023, and
    y. Pompano Beach, FL on or about July 12, 2023.

**6.** Despite the physical limitations to which he is subjected as a result of his disability, Plaintiff continues to lead a full life, frequently travels, dines out, and is also an actively social and independent individual.

**7.** Defendant, CIRCLE K STORES INC., is a corporation which is authorized to and does transact business in the State of Florida and within this judicial district.

**8.** According to the Brevard Tax Collector's Office, the Defendant, CIRCLE K STORES INC., was licensed on May 29, 1996 and occupies 4420 W. New Haven Ave. Melbourne, FL 32904 as a store known as "CIRCLE K".

**9.** The Subject Premises is owned and/or operated by the Defendant and is a public accommodation required by law to comply with the ADA and ADAAG.

## FACTUAL ALLEGATIONS AND CLAIM

10. Plaintiff most recently visited the Subject Premises on or about June 12, 2023 to buy supplies and on July 10, 2023 to buy fuel and accessed to the extent possible, or attempted to access the Subject Premises and specific areas of the Subject Premises as described herein.

11. While visiting the Subject Premises, Plaintiff personally encountered or observed several barriers to access in violation of the ADA and ADAAG as detailed further herein at Paragraph 15. As a result, Plaintiff has been denied access to the Subject Premises and full and equal enjoyment of the goods and services offered therein because of his disability and will continue to be denied such access as a result of those barriers.

12. Said barriers to access at the Subject Premises endanger the safety of Plaintiff and all other individuals with disabilities, deny Plaintiff and others with disabilities equal access to the Subject Premises as to that of able-bodied persons, and causes social embarrassment due to the difficulties encountering such barriers to access—a social embarrassment that would not occur if the Subject Premises was in compliance with the ADA and ADAAG.

13. In encountering the barriers to access at the Subject Premises, and suffering the resulting discrimination, endangerment, and embarrassment—the Plaintiff sustained a lawful injury-in-fact pursuant to the ADA.

14. Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in

the Federal Register to implement the requirements of the ADA. Public accommodations were required to conform to these regulations on or before March 15, 2012.[1]

**15.** A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit Plaintiff's ability (because of his disability) to access the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility include:

**Exterior Accessible Routes**

1. The facility does not provide at least one accessible route of travel from the public way and accessible parking spaces to the building entrances they serve making it difficult for the plaintiff to traverse. Violation: At least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible route from a site arrival point to an accessible entrance shall be required as in §206.2.1 of the 2010 ADA Standards. Recommendation: Provide at least one compliant accessible route from the public way and accessible parking spaces to the building entrances they serve in accordance with §206.2.1 of the 2010 ADA Standards. Estimated Cost: $5,000.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §206.2.1 of the 2010 ADA Standards. Accessible Routes.
2. The built-up curb ramp leading to the facility entrance from the designated accessible parking has a vertical change in level exceeding the ¼ inch maximum allowance at the bottom of the ramp making it difficult for the plaintiff to traverse the facility. Violation: Floor or ground surfaces of ramp runs shall comply with §302. Changes in level other than the running slope and cross slope are not

---

[1] "Safe Harbor. Elements that have not been altered in existing facilities on or after March 15, 2012, and that comply with the corresponding technical and scoping specification for those elements in the 1991 Standards are not required to be modified in order to comply with the requirements set forth in the 2010 Standards" 28 CFR §36.304(d)(2)(i), however, the violations described herein violate both the 1991 Standards as well as the 2010 Standards.

permitted on ramp runs as required by §405.4 of the 2010 ADA Standards. Recommendation: Remove the built-up curb ramp and provide a compliant curb ramp pursuant to §405, §406.4, and §406 of the 2010 ADA Standards. Estimated Cost: $3,500.00. The removal of this barrier is readily achievable as this barrier is cited in §405.4 of the 2010 ADA Standards. Ramps. Floor and Ground Surface.

### Entrances

3. The plaintiff had difficulty identifying the facility as accessible as there is no designation signage indicating accessibility posted at the main entrance. Violation: Entrances complying with §404 shall be identified by the International Symbol of Accessibility complying with §703.7.2.1. Recommendation: Provide compliant signage at the front entrance. Estimated Cost: Less than $75. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §216.6 of the 2010 ADA Standards. Signs. Entrances.

### Men's Public Restroom

4. Designation signage including the International Symbol of Accessibility and braille is not provided as required making it difficult for the plaintiff to locate the restroom. Violation: the toilet room complying with §603 shall be identified by the International Symbol of Accessibility complying with §703.7.2.1 and §703.5. Recommendation: Provide designation signage including the International Symbol of Accessibility mounted 48 inches minimum above the finished floor measured from the baseline of the lowest tactile character and 60" maximum above the finished floor, measured from the baseline of the highest tactile character, along the latch side of the restroom door as required by §216.8, §703.5 and §703.7.2.1 of the 2010 ADA Standards, whose resolution is readily achievable. Estimated Cost: Less than $100. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §216.8 of the 2010 ADA Standards. Signs. Toilet Rooms and Bathing Rooms.
5. The lavatory is obstructing the water closets required 60 inches of clear floor space measured perpendicular from the side wall making it difficult for the plaintiff to utilize. Violation: The clearance around a water closet shall be 60 inches minimum measured perpendicular from the side wall and 56 inches minimum measured perpendicular

from the rear wall as required in §604.3.1 of the 2010 ADA Standards. Recommendation: Remove the lavatory from within the toilet room to provide the required clearances. Estimated Cost: $1,000.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §604.3.1 of the 2010 ADA Standards. Water Closets. Size.

6. The height of the toilet seat cover dispenser mounted above the water closet exceeds the maximum height requirement of 48 inches above the finish floor to the operable mechanism making it difficult for the plaintiff to utilize. Violation: Operable parts shall be placed within one or more of the reach ranges of §308 as required by §309.3 of the 2010 ADA Standards. Recommendation: Relocate the toilet seat cover dispenser to a compliant location within the required reach range allowance, not to obstruct any element according to §308 of the 2010 ADA Standards. Estimated Cost: $150.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §309.3 and §308 of the 2010 ADA Standards. Operable Parts. Reach Ranges.

7. The side wall grab bar is not located 12 inches maximum from the rear wall and does not extend 54 inches minimum from the rear wall as required making it difficult for the plaintiff to transfer to the seat. Violation: The side wall grab bar shall be 42 inches long minimum, located 12 inches maximum from the rear wall and extending 54 inches minimum from the rear wall as required by §604.5.1 of the 2010 ADA Standards. Recommendation: Remove and reinstall the existing grab bar in accordance with §604.5.1 of the 2010 ADA Standards. Estimated Cost: $300. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §604.5 and §609 of the 2010 ADA Standards. Grab Bars. Side-wall.

8. The plaintiff had to use caution when utilizing the lavatory due to the water supply lines underneath the lavatory being exposed and in need of insulation. Violation: Water supply and drain pipes under lavatories and sinks shall be insulated or otherwise configured to protect against contact as required by §606.5 of the 2010 ADA Standards. Recommendation: Install insulation around the exposed water supply lines as required. Estimated Cost: $100.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §606.5 of the 2010 ADA Standards. Lavatories. Exposed Pipes and Surfaces.

9. The automatic hand dryer and soap dispenser are located above the maximum reach range allowance of 48 inches above the finish floor making it difficult for the plaintiff to utilize. Violation: If soap and

towel dispensers are provided, they must be located within the reach ranges specified in §308 as required by §606.1 of the 2010 ADA Standards. Locate soap and towel dispensers so that they are conveniently usable by a person at the accessible lavatory. Recommendation: Remove or relocate the hand dryer and soap dispenser to be 48 inches maximum above the finish floor in accordance with the compliant reach ranges in §308 of the 2010 ADA Standards. Estimated Cost: $150.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §308.2.1 of the 2010 ADA Standards. Lavatories. General. Dispensers. Reach Ranges.

16. The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility. Plaintiff requires an inspection of the Facility in order to photograph, measure and determine all of the discriminatory acts violating the ADA.

17. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense pursuant to 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R, § 36.304.

18. The ADA defines "readily achievable as "easily accomplishable and without much difficult or expenses."42 U.S.C. §12181(9) Congress included in the ADA factors to be considered in evaluating whether removal of a barrier is "readily achievable." These factors are (1) nature and cost of the action; (2) overall financial resources of the facility or facilities involved; (3) number of persons employed at such facility; (4) effect on expenses and resources; (5) impact of such action upon the operation of the facility; (6) overall financial resources of the covered entity; (7) overall size of the business of a covered entity;

(8) the number, type, and location of its facilities; (9) type of operation or operations of the covered entity, including composition, structure, and functions of the workforce of such entity, and (10) geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity. Garthright-Dietrich v. Atlanta Landmarks, Inc., 452 F. 3d 1269, 1272-73 (11th Cir. 2006).

19. The obligation to engage in readily achievable barrier removal is a continuing one. Over time, barrier removal that initially was not readily achievable may later be required because of changed circumstances. DOJ ADA Title III Technical Assistance Manual, Section III-4.4400 Continuing obligation.

20. Because, *inter alia,* this facility was designed, constructed, and received its State Licensure on May 29, 1996, Plaintiff asserts that said ADA violations are intentional in nature and will not be corrected absent Court intervention, thus exacerbating the intentional legal harm and injury to which Plaintiff has been and will continue to be subjected in the future.

21. Plaintiff will undoubtedly return to the Subject Premises once the barriers to access have been remediated—not only to avail himself of the goods and services available at the Subject Premises, but to confirm and assure himself that the Subject Premises has been brought into compliance with the ADA and *maintained* in compliance with the ADA so that Plaintiff and other persons with disabilities will have equal access to the Subject Premises without fear of

discrimination, endangerment of their safety, or social and public embarrassment.

22. Independent of his personal desire to access this place of public accommodation as required by law, Plaintiff is an advocate of the rights of similarly situated persons with disabilities and an advocate for asserting his own civil rights. However, Plaintiff is deterred from returning to the Subject Premises as long as the Defendant continue to operate the Subject Premises in violation of the ADA and ADAAG.

23. Plaintiff has a realistic, credible, and continuing threat of discrimination by the Defendant as long as the Subject Premises remains in non-compliance with the ADA.

24. Defendant have discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility, as prohibited by 42 U.S.C., § 12182, *et. seq.*, and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv) and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant are compelled to remove all physical barriers that exist at the Facility, including those specifically set forth herein, and make the Facility accessible to and usable by persons with disabilities, including Plaintiff.

25. Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the Subject Premises and the actions or inactions described herein.

26. Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein.

27. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendant, pursuant to 42 U.S.C., §§ 12205 and 12217.

28. Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject Facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendant from continuing is discriminatory practices, ordering Defendant to remove the physical barriers to access and alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the subject Facility

until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

            Respectfully submitted,

            <u>s/ Lauren N. Wassenberg</u>
            Lauren N. Wassenberg, Esq. (FBN: 34083)
              *Attorney for Plaintiff*
            Lauren N. Wassenberg & Associates, P.A.
            33 SE 4th St., Ste. 100
            Boca Raton, Florida 33432
            (561) 571-0646
            WassenbergL@gmail.com

            <u>s/ Glenn R. Goldstein</u>
            Glenn R. Goldstein, Esq. (FBN: 55873)
              *Attorney for Plaintiff*
            Glenn R. Goldstein & Associates, PLLC
            8101 Biscayne Blvd., Ste. 504
            Miami, Florida 33138
            (305) 900-2373
            GGoldstein@G2Legal.net